## E. A. CURRY v. THE J. V. BRINKMAN COMPANY BANK.

### No. 250.

CONDUCT OF JURY—*Dictation of Special Findings.* Where the answers to special questions are dictated by less than the whole number of jurors, to which dictation the remainder have promised to agree before they knew what it would be, there has not been such a cool, deliberate judgment exercised by all the jurors as the law requires.

Error from Barton district court; ANSEL R. CLARK, judge. Opinion filed August 19, 1898. Reversed.

*G. W. Nimocks*, for plaintiff in error.

*D. A. Banta*, for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was brought by the defendant in error to recover from the plaintiff in error, and others, upon a promissory note signed by one Doty and indorsed by J. George Brinkman and the plaintiff in error.

The plaintiff in error defended against the note, claiming that it was indorsed by her for the purpose of transferring title only, and was done at the solicitation of J. George Brinkman, who was the vice-president and manager of the bank, upon his agreement that it was only for the purpose of allowing the bank to collect the note and to pass title and for no other purpose. The jury found generally for the defendant, this plaintiff in error, and made the following special findings:

"Q. Who was the owner of the note given by Joseph McBride, deceased, to J. Geo. Brinkman, trustee, for $316, at the time the defendant, Curry, indorsed the note sued on in this action? A. J. Geo. Brinkman.

"Q. What interest did the plaintiff, the J. V. Brinkman Company Bank, have in the note sued upon in this action before it was sold and indorsed to it by J. Geo. Brinkman? A. None.

"Q. What notice, if any, did the plaintiff have of any agreement between the defendant, E. A. Curry, and J. Geo. Brinkman concerning the indorsement by said Curry of the note sued on in this action. A. None."

The court set aside the general verdict and rendered judgment against the plaintiff in error upon the special findings.

Affidavits and counter-affidavits were introduced as to the misconduct of the jury. The court refused to consider the affidavits except the one of Willis Howerton, which reads as follows :

" STATE OF KANSAS, BARTON COUNTY, ss.

" We, the undersigned, each of lawful age and each being first duly sworn, each depose and each say for himself : That I was juror trying the above case ; that it was late in the afternoon of Saturday when the jury were deliberating on the verdict in said case and had not yet agreed ; that the judge of the court sent word to the jury asking them if they were agreed upon a verdict ; that said jury then were eleven to one in favor of a general verdict for the defendant, Curry, and that the opposing juror agreed that he would agree to the general verdict if the other jurors would answer the special findings the way he wanted them answered ; that some of the jurors said it made no difference how the special findings were answered, and wanted to get out and get home ; that thereupon the jury agreed on a general verdict for defendant, E. A. Curry, and signed the same by the foreman of the jury, and then one or two of the jury, including the one who made the proposal above described, and being the one who had hung the jury on the general verdict, made answers to the special findings, and the foreman signed the same, and they were returned with the general verdict to the court ; that some of the jurors said they did not care how the special questions were answered, and agreed to let the matter go without giving the questions any consideration at all, and did not consider the same ; that but for the making of the proposition and acceptance of the proposition by other jurors no verdict could have been reached at all ; that the verdict was arrived at by allowing the said juror who dissented from the general verdict to have the questions answered as he wanted it done ; that this arrangement was carried out and verdict returned in accordance with such agreement as same was done and filed in court.

WILLIS HOWERTON."

Without considering the action of the court in refusing to consider the remaining affidavits, which included the affidavit of nearly all the jurors, upon one side or the other, we will pass at once to the question of whether the plaintiff in error was entitled to a new trial upon the facts set out in this affidavit.

One juror was holding out against the other eleven, who were in favor of finding for the defendant below. This juror proposed to compromise the matter by agreeing to the general verdict if the remaining jurors would allow him to have the special questions answered as he wanted it done. It is clear that the answers to the special questions were dictated by less than the whole number of jurors, and that the remainder had promised to accept such dictation before they knew what it would be. This was not such a cool, deliberate judgment exercised by all the jurors in this case as the law demands. The plaintiff in error was entitled to a new trial. It will be unnecessary to notice the other errors complained of.

The judgment of the district court is reversed, and the cause remanded with instructions to grant a new trial.